# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| Sherday Cole, | ) |
| | ) |
| Plaintiff. | )   Civil Action No.: |
| | ) |
| vs. | )   JURY TRIAL DEMANDED |
| | ) |
| Reneau Inc., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1983 29 U.S.C. §§ 201 et. seq. (hereinafter the " Fair Labor Standards Act" or "FLSA"). The Plaintiff, Sherday Cole (hereinafter "Cole" or "Plaintiff") seeks payment for unpaid wages, overtime worked and liquidated damages that she was deprived of due to the Defendant's violations of the Fair Labor Standards Act. The Plaintiff further seeks reasonable attorney fees and costs pursuant to 20 U.S.C. § 216(b).

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331, this action arising under the laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant Reneau Inc. is subject to personal jurisdiction in this district.

3. The Defendant, Reneau Inc., is an Alabama domestic corporation (hereinafter, "Reneau" or "Defendant"). Reneau employed the Plaintiff to labor for its benefit in this District.

4. Reneau systematically and willfully denied Cole wages due and owing under the Fair Labor Standards Act, <u>29 U.S.C. § 201, et. seq.</u> by, *inter alia*, failing to pay overtime compensation.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### A. Plaintiff

6. The Plaintiff, Sherday Cole is over the age of nineteen (19) years, and is domiciled in the State of Alabama.

7. During all times relevant to this Complaint, the Plaintiff was an employee of the Defendants and was subject to the full protection of the Fair Labor Standards Act.

8. The Plaintiff's duties were not such as to exempt her from the coverage of the Fair Labor Standards Act**.**

### B. Defendant

9. The Defendant, Reneau Inc. is a business organization currently operating as an Alabama domestic corporation. The Defendant's registered address is 752 Main St. Montevallo, AL 35115.

10. Reneau Inc. owns and operates Subway Restaurants.

11. Reneau Inc. is an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act; specifically, the Defendant engages in the business of selling food products.

12. Further, upon information and belief, the Defendant has gross revenues which exceed $500,000.00 per year.

13. The Defendant is considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not exempt from the Act.

## GENERAL FACTUAL ALLEGATIONS

14. The Plaintiff was employed by the Defendant for a period of approximately three months ending in or around June 2018.

15. The Plaintiff's basic job duties were limited to the following: opening and closing the store, cleaning the store, and preparing food for customers.

16. Plaintiff was paid an hourly rate of $8.50.

17. The duties assigned to and performed by the Plaintiff did not exempt her from the protections of the FLSA.

18. The Plaintiff believes and expects the discovery process to assist her in gathering evidence which shows that the Plaintiff's wages did not compensate her in the manner required by the FLSA.

19. The Defendant has a duty under 29 U.S.C. § 211(c) to keep certain records relating to the hours the Plaintiff worked and the pay the Plaintiff received; the Plaintiff will rely upon these records, assuming they are correct, as part of her case.

20. The Defendant's violations of the Fair Labor Standards Act were willful and were the result of a conscious business decision made by the Defendant to generate greater profit at the expense of employees.

## COUNT ONE-VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations – 29 U.S.C. § 207)

21. Plaintiff reasserts and incorporates by reference paragraphs 1 - 20 as set forth above as if fully restated herein.

22. At all material times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

23. Plaintiff regularly worked in excess of forty (40) hours per week during the term of her employment with the Defendant.

24. However, the Plaintiff did not receive the premium overtime rate required by the FLSA for each hour worked above forty (40) per week.

25. The Defendant or an agent working at the direction of the Defendant manually manipulated reported hours to show the Plaintiff worked less than the actual hours she reported and actually worked.

26. It is Plaintiff's best recollection that she earned approximately forty (40) hours of overtime during her employment with the Defendant.

27. Defendant violated the FLSA by failing to pay the required overtime rate.

28. The FLSA regulates, among other things, the payment of wages, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

29. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

30. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.

31. None of the FLSA exemptions apply to the Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

32. Defendant's failure to accurately pay compensation and overtime was willfully perpetrated. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find the Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

33. As a result of the aforesaid willful violations of the FLSA's overtime provisions, compensation, including overtime compensation has been unlawfully withheld by Defendant from Plaintiff, for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

34. Plaintiff is entitled to damages equal to the mandated overtime premium pay preceding the filing of this Complaint.

35. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### COUNT TWO-VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Minimum Wage Violations - 29 U.S.C. § 206)

36. The plaintiff re-alleges paragraphs 1 through 20 as though fully set forth herein.

37. The defendants have failed to compensate the plaintiff for all hours worked during the period of her employment.

38. The Defendant or an agent working at the direction of the Defendant manually manipulated reported hours to show the Plaintiff worked less than the actual hours she reported and actually worked.

39. Additionally, when the Plaintiff was first hired, she was required to do "prep" work prior to clocking in and was not paid for such time.

40. The Plaintiff was not exempt from the protections of the Fair Labor Standards Act.

41. The Defendants' failure to pay the plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

42. The Defendants, by such failures, have willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

**WHEREFORE**, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

A. Issue an Order, pursuant to the Declaratory Judgment Act, 28 §§ 2201-2202, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations are and were willful as defined in the FLSA;

B. Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid wages for hours worked but not paid, including, premium overtime wages for all time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

C. Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

D. Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorneys' fees expended in the course of litigating this action, together with pre-judgment and post-judgment interest;

E. Awards for compensatory damages;

F. Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

Respectfully submitted,

/s/Jeremy Schatz
Jeremy Schatz
ASB-2400-H34Y

**OF COUNSEL**:

The Patton Law Firm
3720 4th Avenue South
Birmingham, Alabama 35222
Phone: (205) 933-8953
jschatz@thepattonfirmal.com

The clerk of court is requested to serve the following defendants by certified mail at the following addresses:

Reneau, Inc
C/O Scott Reneau
752 Main St.
Montevallo, AL 35115