**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHERDAY COLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:19-CV-00489-KOB** |
| | ) | |
| **RENEAU INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

    This matter comes before the court on Plaintiff Sherday Cole's motion for default judgment against Defendant Reneau Inc., pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 17.) As explained below, Reneau has failed to appear, and the clerk has entered default against it. Although default judgment is proper, Ms. Cole has offered insufficient evidence to prove the amount of damages she claims. For these reasons, the court will GRANT Ms. Cole's motion for default judgment with leave to supplement this motion with additional evidence of damages.

    Ms. Cole filed this Fair Labor Standards Act claim against Reneau on March 26, 2019. On March 29, 2019, Reneau's putative agent received a summons, and on May 3, 2019, Ms. Cole filed a motion for a clerk's default judgment. (Doc. 8.) On May 8, 2019, Magistrate Judge T. Michael Putnam denied the motion without prejudice because "the complaint was served at an address other than the corporation's address of record." (Doc. 10 at 1.) On May 10, 2019, Reneau received proper summons. (Docs. 12, 13.)

Ms. Cole re-filed a motion for a clerk's entry of default on June 17, 2019, and the clerk of court entered default on June 19, 2019. Ms. Cole filed the instant motion for default judgment as to liability and damages on July 16, 2019, after which Magistrate Judge Gary Borden, who was re-assigned the case, ordered Reneau to show cause why this motion should not be granted. (Doc. 18.) The court finds that, pursuant to Rule 55(b), default judgment is appropriate because Reneau has failed to appear or file any responsive answer or motion after being properly served. But the court has questions about the damages Ms. Cole claims in her motion.

The claimed damages in this case arise from Reneau's alleged failure to pay Ms. Cole overtime wages pursuant to the FLSA, 29 U.S.C. § 206. Ms. Cole contends, without an affidavit or sworn testimony, that she worked for about three months at Reneau's restaurant, making an hourly wage of $8.50.[1] Ms. Cole alleges that, during her roughly 50 hours of overtime she worked over the course of her employment, Reneau only paid her the normal rate of $8.50 per hour instead of the premium rate of 1.5 times $8.50, or $12.75 per hour. (Doc. 17 at 3.) She also alleges that Reneau owes her for 30 hours' worth of unpaid wages at her normal hourly rate. (*Id.*)

But Ms. Cole provides meager evidence for the 30- and 50-hour figures in either her complaint or motion for default judgment. The only evidence she offers is a screenshot of a "Weekly Time Punch Report" for the week of June 19, 2018, that shows she apparently worked 42.88 hours and was only paid for 35. (Doc. 17, Ex. 1.)

Rule 55(b)(2) states that, if the court ruling on a motion for default judgment needs "to determine the amount of damages or to establish the truth of any averment by evidence or to

---

[1] Although at one point, Ms. Cole states her regular hourly rate was $7.25 per hour. (Doc. 17 at 4.) Because Ms. Cole uses the $8.50 figure throughout the rest of her motion, the court will consider her reference to the $7.25 rate a typographical error. The court also questions some of the mathematical calculations that appear elsewhere in the motion and asks Ms. Cole to verify they are correct.

make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper." This rule gives "courts broad discretion to determine what additional evidence, if any, is required to enter default judgment." *C & M Inv. Grp., Ltd. v. Campbell*, 448 F. App'x 902, 906 (11th Cir. 2011). In this case, Ms. Cole provides only a screenshot and the statement that "[t]his reasonable estimation is derived from Plaintiff and to the best of her knowledge at this time she believes she is owed 50 hours of overtime [and] . . . is also owed 30 hours of off the clock unpaid time." (Doc. 17 at 4.) Without additional evidence, such as an affidavit affirming Ms. Cole's estimations, the court cannot order Reneau to pay any amount of money.

Because Reneau failed to appear after receiving proper service, the court will GRANT Ms. Cole's motion for default judgment as to liability (Doc. 17) and grants her leave to provide evidence for damages pursuant to her FLSA claim. Ms. Cole may file an amended motion with the court on or before October 30, 2019. The court will enter a separate order consistent with this opinion.

The court DIRECTS the clerk to mail a copy of this memorandum opinion and accompanying order to the Defendant at the place of employment where it was served.

**DONE** and **ORDERED** this 11th day of October, 2019.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE