FILED
2019 Nov-06 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERDAY COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-00489-KOB |
| | ) | |
| RENEAU INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Sherday Cole's amended motion for default judgment against Defendant Reneau Inc., pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 23.) As explained below, Reneau has failed to appear, and the clerk has entered default against it. Because Ms. Cole has offered uncontested evidence regarding the amount of damages she claims, the court will GRANT Ms. Cole's motion for default judgment for the amount she seeks.

Ms. Cole filed this Fair Labor Standards Act claim against Reneau on March 26, 2019. On March 29, 2019, Reneau's putative agent received a summons, and on May 3, 2019, Ms. Cole filed a motion for a clerk's default judgment. (Doc. 8.) On May 8, 2019, Magistrate Judge T. Michael Putnam denied the motion without prejudice because "the complaint was served at an address other than the corporation's address of record." (Doc. 10 at 1.) On May 10, 2019, Reneau received proper summons. (Docs. 12, 13.)

Ms. Cole re-filed a motion for a clerk's entry of default on June 17, 2019, and the clerk of court entered default on June 19, 2019. Ms. Cole filed her first motion for default judgment as to

liability and damages on July 16, 2019, after which Magistrate Judge Gray Borden, who was re-assigned the case, ordered Reneau to show cause why this motion should not be granted. (Doc. 18.) Reneau did not respond to the order. On September 30, 2019, the undersigned judge received the case. (Doc. 20.) The court found that, pursuant to Rule 55(b), default judgment was appropriate because Reneau had failed to appear or file any responsive answer or motion after it received proper service. But because Ms. Cole failed to provide sufficient evidence for damages, the court granted her leave to file an amended motion to show her damages. (Doc. 22.)

The claimed damages in this case arise from Reneau's alleged failure to pay Ms. Cole overtime wages pursuant to the FLSA, 29 U.S.C. § 206. Ms. Cole contends that she worked for about three months at Reneau's restaurant, making an hourly wage of $8.50. Ms. Cole's affidavit states that, during her roughly 50 hours of overtime she worked over the course of her employment, Reneau only paid her the normal rate of $8.50 per hour instead of the premium rate of 1.5 times $8.50, or $12.75 per hour. (Doc. 23 at 6.) She also alleges that Reneau owes her for 30 hours' worth of unpaid wages at her normal hourly rate. (*Id.*) All told, Ms. Cole seeks $1,710 in damages and $2,537.20 in attorneys' fees and costs. (*Id.* at 7, 10.)

Because Reneau failed to appear after receiving proper service and Ms. Cole has provided sufficient evidence for her damages, the court will GRANT Ms. Cole's motion for default judgment and ORDER Reneau to pay Ms. Cole $4,247.20 ($1,710 in damages and $2,537.20 in attorneys' fees and costs). (Doc. 23.)

The court DIRECTS the clerk to mail a copy of this memorandum opinion and accompanying order to the Defendant at the place of business where it was served. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 6th day of November, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE